IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST SESSION, 1997

FILED

October 28, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9607-CC-00236 |
| | ) | |
| Appellee, | ) | |
| | ) | DYER COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JOE G. RILEY, JUDGE |
| BARRY JORDAN, | ) | |
| | ) | |
| Appellant. | ) | (VOLUNTARY MANSLAUGHTER) |

FOR THE APPELLANT:

**G. STEPHEN DAVIS**
District Public Defender
208 N. Mill Avenue
P.O. Box 742
Dyersburg, TN 38025-0742

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**C. PHILLIP BIVENS**
District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Barry Jordan, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Following a jury trial in the Circuit Court of Dyer County, the Defendant was found guilty of voluntary manslaughter and was sentenced to five (5) years in prison as a Range I standard offender. In his sole issue on appeal, Defendant argues that the sentence imposed by the trial court was excessive. We affirm the judgment of the trial court.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Voluntary manslaughter is a Class C felony and a Range I sentence is not less than three (3) years nor more than six (6) years. Tenn. Code Ann. §§ 39-13-211(b) and 40-35-112(a)(3). The presumptive sentence for a Class C felony is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). Should the trial court find mitigating and enhancement factors, it must start at the minimum sentence in the range and enhance the sentence based upon any applicable enhancement factors, then reduce the sentence based upon any appropriate mitigating factors. Tenn. Code Ann. § 40-35-210(e). In applying a five year sentence, the trial court in this case used the following two enhancement factors: (1) the victim was treated with exceptional cruelty; and (2) Defendant used a deadly weapon to commit the offense. See Tenn. Code Ann. § 40-35-114(5) and (9). The trial court also found the following two miscellaneous mitigating factors applicable: (1) no prior felony conviction; and (2) a relatively good work record. See Tenn. Code Ann. § 40-35-113(13).

The weight given to each factor is within the trial court's discretion provided that the record supports its findings and it complies with the Sentencing Act. See State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App. 1993), perm.

to appeal denied (Tenn. 1993). The trial court, however, should make specific findings on the record which indicate his application of the sentencing principles. Tenn. Code Ann. §§ 40-35-209 and -210.

With regard to the enhancement and mitigating factors, this Court must defer to the findings of the trial judge since no transcript of the trial proceedings is contained in the record. There is no proof before this Court as to the nature of this crime or how it was committed. We are neither aware of the specific facts that led the trial judge to find that the crime was especially cruel, nor are we aware of what type of weapon this Defendant used in the commission of the crime. This Court must make decisions based on matters within the record and not outside of the record. When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. If the record is incomplete, this Court is precluded from considering the issues raised. We must conclusively presume that the determination of the trial court was correct regarding the weight to be afforded both the enhancement factors and mitigating factors. State v. Locust, 914 S.W.2d 554, 557 (Tenn. Crim. App.1995); see also State v. Matthews, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990).

In reviewing the sentencing considerations of Tennessee Code Annotated section 40-35-103, the trial court found that in this case confinement was necessary to avoid depreciating the seriousness of "this particular homicide." It is clear that the trial court made its decision based on the particular facts surrounding this particular crime. Again, since the record on appeal does not

include the trial transcript and is for that reason incomplete, this Court must conclusively presume that the judgment of the trial court is correct.

We therefore affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JERRY L. SMITH, Judge