IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
JANUARY SESSION, 1999

FILED

March 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE, )
) No. 02C01-9803-CC-00089
Appellee )
) CARROLL COUNTY
vs. )
) Hon. C. Creed McGinley, Judge
ALEXANDER BARTHOLOMEW )
CAWTHON, )
) (Two Counts - Sale of Cocaine)
Appellant )

For the Appellant:

**Vicki S. Snyder**
Asst. District Public Defender
117 North Forrest Avenue
Camden, TN  38320

**Guy T. Wilkinson**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Marvin E. Clements, Jr.**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**G. Robert Radford**
District Attorney General

**Eleanor Cahill**
Asst. District Attorney General
P. O. Box 686
Huntingdon, TN  38344

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Alexander Bartholomew Cawthon, was convicted by a jury in the Carroll County Circuit Court of two counts of sale of cocaine, Class C felonies. The trial court imposed a sentence of five years for each count to run concurrently as a Range I standard offender.[1]  The appellant's sole issue on appeal is the sufficiency of the convicting evidence.

BACKGROUND

From October of 1996 to January of 1997, the Drug Task Force for the 24th Judicial District conducted an undercover operation in conjunction with the Department of Housing and Urban Development (HUD) in Carroll County.  Various complaints and surveillance revealed the appellant's involvement in illegal drug activity.  Testimony relative to the appellant's first sale established that on December 12, 1996, Steve Lee, the director of the Drug Task Force, equipped Sylvester Island, the confidential informant, with a concealed body transmitter which permitted conversations to be recorded.  At the designated meeting place, Island was searched by Lee and given $50 to purchase cocaine.  Island was accompanied by his girlfriend Jarhonda Parker.  Because Ms. Parker was not a drug task force agent, she was not searched.  The appellant's first sale occurred in McKenzie.

Lee followed Island and Parker into downtown McKenzie but remained at a distance and was unable to view the transaction.  The transaction was recorded by Lee.  Island had spoken with the appellant earlier that day and the appellant told Island that he could give him a deal for $50.  Keith Robinson, a friend of the appellant, departed from a house on Garland Street and got into the car with Island.

_____

[1]The appellant's five year sentence was ordered to be served consecutively to an outstanding eight year sentence for felony possession of cocaine.

Robinson returned to the house to page the appellant. Robinson got back into Island's vehicle and waited on the appellant. The appellant arrived in a white vehicle driven by an unidentified white male. The appellant got into the vehicle with Island, Robinson, and Parker while the white vehicle sped off. The appellant then exchanged $50 for crack cocaine. Island dropped the appellant and Robinson off at Robinson's house. Shortly thereafter, Island delivered the cocaine and transmitter to Lee. Forensic analysis determined the substance to be .2 grams of cocaine.

The second incident occurred on January 4, 1997, in Huntingdon. Again, Island was searched and wired with a transmitter. Lee followed Island and Parker into Huntingdon and just before they reached Island's residence, a dark blue truck pulled alongside Island's vehicle. The appellant told Island "that he had some crack." Island responded, "meet me back at my apartment." The appellant and two other unidentified males were in the truck which was registered to Keith Garrett of McKenzie. The blue truck and its occupants followed Island and Parker to their residence. Upon entering the residence, Island gave the appellant $50 in exchange for crack cocaine. The appellant, Island, and Parker were the only three individuals in the residence. Island returned to meet with Lee and delivered the substance purchased which was later determined to be .2 grams of cocaine.

Island testified that he had been an informant for nearly ten years and he was paid $100 for each "buy." Island had been acquainted with the appellant for one month prior to these drug transactions. At trial, Island testified that he had previously been convicted in Kentucky for forgery. Parker also testified reiterating the events of the evening. She corroborated Island's testimony and identified the appellant as the person who sold the cocaine on both occasions to Island.

The appellant testified that Island had attempted to purchase cocaine from him on several occasions. He denied knowing Parker and denied being present at

Island's residence when the transaction occurred. The appellant stated that he suspected that Island was working for the police. He denied that his voice was contained on either of the taped transactions. The appellant stated that his girlfriend, Nicole Robinson, tried to get him to sell drugs to Island. The appellant admitted that he was unemployed during this period of time and that he kept a beeper in his possession. He also admitted that he has sold cocaine before but denied any participation in either of the two sales. In denying involvement in either drug sale, the appellant testified on cross-examination that "I'm not going to sell anyone cocaine who I don't know."

Based upon the above proof, the jury returned guilty verdicts for two counts of the sale of cocaine and imposed a fine of $25,000 for each count.

## II. SUFFICIENCY OF THE EVIDENCE

In the only issue, the appellant challenges the sufficiency of the convicting evidence to sustain a verdict for two counts of the sale of cocaine. Specifically, the appellant argues that the only people to identify him as the person selling cocaine were Island, a paid informant and convicted felon, and Island's girlfriend, Parker. Moreover, he contends that Officer Lee's failure to search Parker before each transaction resulted in reasonable doubt as to the appellant's guilt.

A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or

4

legitimate inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), cert. denied, 507 U.S. 954, 113 S.Ct. 1368 (1993). Viewing the evidence under these criteria, it is this court's responsibility to affirm the conviction if the proof was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 743 (1995); Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In essence, the appellant challenges the credibility of the State's witnesses. A jury verdict accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State's theory. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The weight and credibility of witnesses' testimony are exclusively within the province of the jury as the trier of fact. State v. Locust, 914 S.W.2d 554, 558 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995). We conclude that the evidence was sufficient to support the appellant's convictions for each sale of cocaine. Officer Lee monitored the transactions via a transmitter and overheard each drug transaction. Moreover, a recording of both transactions referring to the person "Alex" was played for the jury. Additionally, Island and Parker identified the appellant as the person who sold cocaine on both occasions. Accordingly, we find the evidence presented sufficient proof from which a rational juror could reasonably infer the appellant's guilt beyond a reasonable doubt.

The judgment of the trial court is affirmed.

_____

5

DAVID G. HAYES, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
JOHN EVERETT WILLIAMS, Judge


6