# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## APRIL SESSION, 1999

FILED

April 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                        )
       Appellee          )    No. 02C01-9807-CC-00229
                        )
vs.                    )    CARROLL COUNTY
                        )
DONALD TALLIE,          )    Hon. C. Creed McGinley, Judge
                        )
       Appellant          )    (Sale of Cocaine less than .5 grams)

For the Appellant:

**Guy T. Wilkinson**
District Public Defender

**Billy R. Roe, Jr.**
Asst. District Public Defender
117 North Forrest Avenue
Camden, TN 38320

For the Appellee:

**Michael E. Moore**
Attorney General and Reporter

**J. Ross Dyer**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**G. Robert Radford**
District Attorney General

**Eleanor Cahill**
Asst. District Attorney General
Post Office Box 686
Huntingdon, TN  38344

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Donald Tallie,[1] was convicted by a jury in the Carroll County Circuit Court of one count of sale of cocaine less than .5 grams, a Class C felony, and one count of sale of cocaine greater than .5 grams, a Class B felony. The trial court imposed concurrent sentences of eight years for the Class C felony and sixteen years for the Class B felony as a Range II multiple offender. The appellant's sole challenge on appeal is the sufficiency of the convicting evidence.

## I. BACKGROUND

In conjunction with the Department of Housing and Urban Development (HUD), the Drug Task Force for the 24th Judicial District conducted an undercover operation by placing a confidential informant in the public housing projects in McKenzie. Testimony relative to the appellant's first sale established that on December 4, 1996, Steve Lee, the director of the Drug Task Force, equipped Sylvester Island, the confidential informant, with a concealed body transmitter which permitted conversations to be recorded. At the designated meeting place, Island was searched by Lee and given $100 to purchase cocaine. Island was accompanied by his girlfriend, Jaronda Parker, who was not a drug task force agent.

Lee followed Island and Parker to their residence in the housing project in McKenzie but remained at a distance, unable to view the transaction or see the appellant. Island testified that he had met the appellant on December 3 at a local "crack house" where the appellant was "selling dope." Island stated that the appellant called himself "Dee." Island related that the appellant "just showed up" at his apartment on December 4. Island went out to the appellant's car and informed the appellant that he wanted to buy some crack cocaine. The appellant followed

---

[1]The appellant was also charged in the indictment under the alias, Steven Tallie.

Island into his apartment. The appellant then cut the "rock" into a smaller piece, exchanged the "rock" for $100, and departed. This transaction was recorded. Island testified that the appellant drove the same car, a black Probe SE with a tag number 01946-D, that he had seen at the "crack house" the day before. Shortly thereafter, Island delivered the transmitter, cocaine, and license plate number to Lee. Forensic analysis determined the substance to be to be .3 grams of cocaine.

The second drug transaction occurred on December 5, 1996. Again, Island was searched and equipped with a body transmitter to enable Lee to record the transaction. This transaction also took place at Island's residence. Previously, the appellant had given Island his beeper number which Island used to page the appellant. The appellant responded by coming to Island's residence. The appellant entered Island's apartment, cut off a rock of crack cocaine, exchanged it for $100, and left. Island stated that, upon this occasion, the appellant provided him with more cocaine than in the first instance to reward him for not purchasing drugs from the other local dealers. Island returned to meet with Lee and delivered the transmitter and the substance purchased which was later determined to be .6 grams of cocaine. After checking the vehicle's registration, the black Probe was determined to be stolen.

Island testified that he had been an informant for approximately eight years for various federal and state agencies and was paid $100 for each "buy." At trial, Island testified that over ten years ago he had been convicted of forgery in Kentucky and theft in Obion County, Tennessee. Island also testified that he had been charged with selling a counterfeit controlled substance in 1988. Both of the recorded transactions were played for the jury. Island identified the appellant as the person who sold him the cocaine and identified the appellant's voice on the tape.

The defense presented no proof. The jury returned a guilty verdict on two

counts of sale of cocaine.

## II. SUFFICIENCY OF THE EVIDENCE

In his only issue, the appellant challenges the sufficiency of the convicting evidence to sustain a verdict of two counts of the sale of cocaine. Specifically, the appellant contends that the only evidence identifying him as the person selling cocaine was the "uncollaborated [sic] testimony" of Island, a paid informant and convicted felon. Moreover, the appellant argues that, because he did not testify, "there was no way for the jury to compare the alleged voice of the defendant on the tapes to the actual voice of the defendant." Thus, he contends that "there is no way to rationally deduce that it was the defendant on those tapes."

A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992), cert. denied, 507 U.S. 954, 113 S.Ct. 1368 (1993). Viewing the evidence under these criteria, it is this court's responsibility to affirm the conviction if the proof was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994), cert. denied, 513 U.S. 1086, 115 S.Ct. 743 (1995); Tenn. R. App. P. 13(e).

4

In essence, the appellant challenges the credibility of the State's witnesses. A jury verdict accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State's theory. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). The weight and credibility of witnesses' testimony are exclusively within the province of the jury as the trier of fact. State v. Locust, 914 S.W.2d 554, 558 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995). We conclude that the evidence was sufficient to support the appellant's convictions for each sale of cocaine. Officer Lee monitored each transaction via a transmitter and overheard each drug transaction. The recordings of both transactions, containing a description of the appellant and referring to the person "Dee," were played for the jury. Island identified the appellant as the person who sold cocaine on both occasions and also identified his voice on the recording as provided by Tenn. R. Evid. 901(a) and (b)(5). Accordingly, we find the evidence presented sufficient proof from which a rational juror could reasonably infer the appellant's guilt beyond a reasonable doubt.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
L. T. LAFFERTY, Senior Judge