# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL 1999 SESSION

FILED

May 14, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9807-CC-00300 |
| Appellee, | ) | |
| | ) | MARSHALL COUNTY |
| VS. | ) | |
| | ) | HON. CHARLES LEE, |
| ANGELA SUE TITUS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:       FOR THE APPELLEE:

**N. ANDY MYRICK**
116 West Market St.
Fayetteville, TN 37334

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**MIKE McCOWN**
District Attorney General

**WEAKLEY E. BARNARD**
Asst. District Attorney General
Marshall County Courthouse
Suite 407
Lewisburg, TN 37901

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was charged with aggravated burglary, two counts of theft of more than one thousand dollars ($1000) but less than ten thousand dollars ($10,000), and two counts of criminal responsibility. When she entered an open plea of guilty to aggravated burglary and one count of theft, the remaining counts were dismissed. Following a sentencing hearing, the trial court sentenced her to five years imprisonment for aggravated burglary and three years imprisonment for theft, to run concurrently. The defendant now appeals, arguing that her sentence is excessive and that she is entitled to alternative sentencing. Finding no merit to her arguments, we affirm her sentences.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments.

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, establishes a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following in determining the specific sentence and the possible combination of sentencing alternatives:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§

2

> 40-35-113 and 40-35-114; and (6) [a]ny statement the
> defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210(b)(1)-(6).

In addition, this section provides that the presumptive sentence for Class B, C, D & E felonies is the minimum sentence within the range. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

As a Range I standard offender, the defendant faced a possible sentence of three to six years for aggravated burglary, a Class C felony, and two to four years for theft of property more than one thousand dollars ($1000) but less than ten thousand dollars ($10,000), a Class D felony. See T.C.A. §§ 40-35-112(a)(3)-(4), 39-14-105(3), 39-14-403(b). In sentencing the defendant, the trial court applied enhancement factors (1), that the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (15), that the defendant abused a position of trust. See T.C.A. § 40-35-114(1), (15). The trial court judge also applied mitigating factor (1), that the defendant's criminal conduct neither caused nor threatened serious bodily injury, but he gave this factor "very little weight." See T.C.A. § 40-35-113(1). Weighing these factors, the trial court sentenced the defendant to five years on the aggravated burglary count and three years on the theft count, to be served concurrently.

In considering the defense's argument for probation, the trial court found that confinement in this case was "necessary to provide an effective deterrence to others likely to commit similar offenses." The trial court also found that the defendant had lied in court and implicated "an innocent person" in the commission of these crimes, which the judge deemed to "be particularly reprehensible and shocking." Based on this, the trial court denied alternative sentencing and ordered the defendant to serve her sentence in prison.

The defendant argues that the imposed sentence is excessive. Specifically, she argues that because she has no prior criminal record, the trial court erred in applying enhancement factor (1), that the "defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." T.C.A. § 40-35-114(1).

In applying enhancement factor (1), the trial court relied upon bad check charges pending against the defendant that the defendant admitted were committed to support her drug habit, the defendant's admitted illegal drug use for several years, and the trial court's conclusion that she committed perjury when testifying on behalf of her codefendant in his trial. The defendant contends that the trial court erred in relying upon pending charges to enhance her sentence. When there is no evidence in the record that pending charges are anything more than mere charges, a court may not rely upon the charges as evidence of criminal behavior in order to apply enhancement factor (1). State v. Buckmeir, 902 S.W.2d 418, 424 (Tenn. Crim. App. 1995). Here, however, the record reflects that the defendant admitted writing the bad checks that were the subject of her pending charges in order to support her drug habit. The trial court properly relied upon the defendant's admissions as evidence of criminal behavior under enhancement factor (1).

4

The defendant also argues that if the trial court cannot rely upon pending charges in order to apply enhancement factor (1), then her drug activities, which are not even the subject of charges against her, cannot be used either. The defendant testified she used marijuana, cocaine, and cocaine derivatives from the age of fourteen until she was arrested and that her drug habit cost two to three hundred dollars ($200-300) per day for a period of approximately two years. The presentence report states that the defendant admitted she began to drink alcohol at the age of thirteen and continued drinking a fifth of vodka "and about a six pack every day up until [she] was arrested." These admissions provide evidence of criminal behavior under enhancement factor (1).

The defendant also argues that the trial court erred in concluding she committed perjury during her codefendant's trial when there are no pending perjury charges against her. As factfinder, the trial court judge is in the best position to evaluate the defendant's credibility and truthfulness. On appeal, we must assume that the record supports the trial court's conclusion that the defendant was untruthful because the record does not contain a copy of the exhibited transcript from the codefendant's trial, which precludes our review of this argument. See, e.g., State v. Locust, 914 S.W.2d 554, 557 (Tenn. Crim. App. 1995). Thus, we presume that the trial court properly concluded the defendant lied under oath during her codefendant's trial and that this evidence constitutes criminal behavior, which also supports the application of enhancement factor (1).

The defendant also argues that her sentence was excessive because the trial court improperly applied enhancement factor (15), that the "defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense." T.C.A. § 40-35-114(15). The defendant claims there is no evidence in the record to support application of this

5

enhancement factor. In applying enhancement factor (15), the trial court apparently relied upon testimony from the codefendant's trial. Again, because the record does not contain a copy of the transcript from the codefendant's trial, we must presume that the judgment of the trial court is correct. Locust, 914 S.W.2d at 557.

In arguing her sentence is excessive, the defendant also challenges the trial court's failure to apply statutory mitigating factor (6), that the defendant "because of youth or old age, lacked substantial judgment in committing the offense." T.C.A. § 40-35-113(6). The defendant argues that the proof established she lacked judgment because she was nineteen years old when she committed the offenses and quit school when she became pregnant with the first of her two children. In determining whether mitigating factor (6) applies, "courts should consider the concept of youth in context, i.e., the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." State v. Adams, 864 S.W.2d 31, 33 (Tenn. 1993). While the defendant's early pregnancies and decision to quit high school might reflect poor choices, the record does not establish that the defendant lacked substantial judgment in committing the offenses or that the defendant was unable to appreciate the nature of her criminal conduct. Thus, we do not find error in the trial court's refusal to apply this mitigating factor.

The defendant also complains that the trial court should have given more weight to mitigating factor (1), that her conduct neither threatened nor caused serious bodily injury. The weight afforded to a particular enhancement or mitigating factor is left to the trial court's discretion. Shelton, 854 S.W.2d at 123. Here, because the record does not contain a transcript of the guilty plea hearing or any other recitation of the facts

6

underlying these offenses, the defendant has not shown that the trial court abused its discretion in affording mitigating factor (1) "very little weight." See Locust, 914 S.W.2d at 557.

Finally, the defendant argues that the trial court improperly denied alternative sentencing. She points out that she has no prior criminal record, has never been placed on alternative sentencing, and is not one of the "most serious criminals" for whom confinement is reserved. She complains that the trial court erroneously relied upon deterrence as a reason for denying alternative sentencing because the record fails to contain any evidence of deterrence. She also contends that the trial court improperly relied upon its conclusion she committed perjury as a basis for denying alternative sentencing.

The defendant correctly contends that the trial court erred in relying upon deterrence as a basis for denying alternative sentencing because the record does not contain any evidence of deterrence. See State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). Potential for rehabilitation, however, is an important consideration in determining whether a defendant should be granted alternative sentencing, and truthfulness relates to a defendant's potential for rehabilitation. See State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994). Here, the trial court concluded that the defendant should not be granted alternative sentencing because she lied during her testimony at her codefendant's trial and accused "an innocent person" of committing the crimes in an attempt to exonerate her codefendant of guilt. To the extent the record is incomplete, we must presume the trial court's judgment was correct. Locust, 914 S.W.2d at 557. Even so, the defendant admitted she was untruthful when she gave several different versions of the facts underlying the offenses at different stages of this case. The

7

evidence also shows that the defendant moved in with a convicted criminal while still married to another man and has a poor employment record and a longterm, costly drug habit for which she has never sought treatment and has been unable to break, even during her two pregnancies, all of which reflects poorly on the defendant's potential for rehabilitation. Given these circumstances, we find no error in the trial court's denial of alternative sentencing.

In sum, the defendant has failed to prove that her sentence is excessive and that she should have been granted alternative sentencing. Accordingly, we affirm her sentences.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
J. CURWOOD WITT, JR., Judge