# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1999 SESSION



FILED

July 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JOHNNY L. SMITH,** | ) | |
| | ) | C.C.A. NO. 02C01-9806-CR-00193 |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| VS. | ) | |
| | ) | **HON. L. T. LAFFERTY,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**ALICIA A. HOWARD**                    **PAUL G. SUMMERS**
4299 Elvis Presley Blvd.               Attorney General & Reporter
Memphis, TN  38116

                                       **CLINTON J. MORGAN**
                                       Asst. Attorney General
                                       John Sevier Bldg.
                                       425 Fifth Ave., North
                                       Nashville, TN  37243-0493

                                       **WILLIAM L. GIBBONS**
                                       District Attorney General

                                       **RHEA CLIFT**
                                       Asst. District Attorney General
                                       201 Poplar Ave., Suite 301
                                       Memphis, TN  38103-1947

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

Following a jury trial, the petitioner was convicted of aggravated sexual battery, aggravated burglary, two counts of especially aggravated kidnapping, and two counts of aggravated robbery and given an effective sentence of thirty-eight years in the Department of Correction. On direct appeal, a panel of this Court affirmed the petitioner's convictions. See State v. Johnny L. Smith, No. 02C01-9602-CR-00061, Shelby County (Tenn. Crim. App. filed May 15, 1997, at Jackson). In January 1998, the petitioner filed a post-conviction relief petition and subsequently amendments, alleging that he was denied effective assistance of counsel. After an evidentiary hearing, the post-conviction court denied the petitioner relief. The petitioner now appeals, arguing that the post-conviction court erred by failing to conclude his trial counsel was ineffective and that newly discovered evidence entitled him to post-conviction relief. Finding no error, we affirm the post-conviction court's order denying relief.

The petitioner claims that his trial counsel, Lilah Kathleen Mitchell, was ineffective for failing to impeach the victim's trial testimony with a prior inconsistent statement. According to the petitioner's testimony at the post-conviction hearing, the victim's testimony at the preliminary hearing was different from her testimony at trial. The record fails to contain an account of the proceedings at the preliminary hearing or at trial. We recognize that the post-conviction court judge, who relied heavily on the trial transcript in evaluating the petitioner's factual allegations, specifically found that Ms. Mitchell reviewed the preliminary hearing testimony, but at trial, did not cross-examine the victim about her prior testimony. Because the record fails to contain an account of the victim's testimony at the preliminary hearing and at trial, however, we are unable to evaluate whether the victim's hearing testimony was in fact inconsistent with her trial testimony in a material manner and if so, whether Ms. Mitchell's failure to impeach the

2

victim with these inconsistencies prejudiced the petitioner. Where, as here, the appellant fails to furnish a complete record for review, this Court is precluded from considering the issues presented and must presume that the trial court's ruling is correct. See, e.g., State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); State v. Locust, 914 S.W.2d 554, 557 (Tenn. Crim. App. 1995).

The petitioner also claims that Ms. Mitchell failed to thoroughly investigate the case and interview all possible witnesses. At the post-conviction hearing, the petitioner testified that prior to trial, he was aware of potential defense witnesses other than those who testified at trial. He admitted not knowing these potential witnesses' addresses (and for some, even their last names), but he maintained he could have learned that information had Ms. Mitchell asked. Ms. Mitchell testified that the petitioner never told her about these other potential witnesses. She testified that the only witnesses of whom she was aware were those who testified at trial. Even assuming that Ms. Mitchell somehow performed deficiently, the petitioner has failed to prove prejudice because he has not shown how any benefit would have come from interviewing these supposed witnesses. Without showing prejudice, the petitioner is not entitled to post-conviction relief. See Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

Finally, we note that the petitioner has listed as an issue for review the following: "Whether the trial court erred by not finding that appellant had new evidence which was not available to him at the time of his trial." Because the petitioner has failed to provide any argument or citations to authority on this point, this issue is waived. Rules of the Court of Criminal Appeals of Tennessee 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988).

3

In sum, the petitioner has not carried his burden of showing entitlement to post-conviction relief. Accordingly, the post-conviction court's order denying relief is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
THOMAS T. WOODALL, Judge