IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION

FILED

November 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9801-CC-00034 |
| Appellee, | ) | |
| | ) | Carroll County |
| v. | ) | |
| | ) | Honorable C. Creed McGinley |
| JAMES DENNIS LOVE, JR., | ) | |
| | ) | (Sale of Cocaine) |
| Appellant. | ) | |

FOR THE APPELLANT:

Billy R. Roe, Jr.
Assistant District Public Defender
117 North Forrest Avenue
Camden, TN  38320

OF COUNSEL:
Guy T. Wilkinson
District Public Defender
117 North Forrest Avenue
Camden, TN  38320

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN  37243-0493

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  37243-0493

G. Robert Radford
District Attorney General
111 Church Street, P. O. Box 686
Huntingdon, TN  38344-0686

Eleanor Cahill
Assistant District Attorney General
111 Church Street, P. O. Box 686
Huntingdon, TN  38344-0686

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

## OPINION

The appellant, James Dennis Love, Jr., referred herein as the defendant, appeals as of right from a judgment entered by the Carroll County Circuit Court as a result of a jury finding him guilty of the sale of cocaine, a Schedule II controlled substance. The defendant presents one appellate issue for review, whether the evidence was sufficient to justify a rational trier of fact finding the defendant guilty beyond a reasonable doubt. After a review of the evidence in this record, both parties' briefs, and appropriate law, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

The Carroll County grand jury returned a two-count indictment charging the defendant with the sale of cocaine and delivery of cocaine on January 2, 1997. This indictment was brought by the Twenty-Fourth Judicial District Drug Task Force as the result of a surveillance drug buy in McKenzie, Tennessee. Steve Lee, director of the task force and eleven-year veteran of law enforcement, testified that the task force began operations in Carroll County in October, 1996 and continued through January, 1997. Officer Lee testified he utilized the services of Sylvester Island, an informant, for the first time on January 2, 1997. Island had worked as an undercover informant in approximately seventy cases in the Bolivar, Tennessee area. Officer Lee testified he met Island on January 2 at the McKenzie Airport where the informant was searched, wired with a transmitter for audio surveillance, and given $50 in buy money. Officer Lee testified that this was a joint drug operation with the Inspector General of the Department of Housing and Urban Development (HUD) to combat drug traffic and violent crimes in the public housing in the district. Officer Lee followed the informant and parked his surveillance car at the McKenzie Depot to monitor the conversations of the informant.

Although Officer Lee was not able to observe the actual transactions, he was able to hear the buy take place. Upon hearing a signal from the informant, Officer Lee returned

2

to the airport where the informant gave Lee a small bag, which Lee initialed and sealed. Lee sent the contents and bag to the crime laboratory for analysis. Also present at the drug buy were the informant's girlfriend, Jeronda Parker, and two acquaintances of the defendant, John and Mike. Apparently, John and Mike were charged with some offense and jumped bail. The surveillance tape was played for the benefit of the jury.

Mr. Sylvester Island testified he had worked as an undercover informant for the State for ten years. Island agreed to work for Steve Lee in the McKenzie area. As to their arrangement, Island "would set up -- meet individuals that was selling drugs, and I would tell Mr. Lee about them. And he would call me to the airport and wire me up, search the car and myself, and send me back out to make a purchase." On January 2, 1997, no particular person was targeted for a drug buy. After leaving Officer Lee, Island proceeded to his apartment in the projects and ran into some neighbors, Lynn Cunningham and Keith Robinson. After a short conversation with these two persons, a brown Escort pulled up. In the car were the defendant, who was seated in the rear, John, and Mike. The defendant asked Island if he "needed anything." The informant told the defendant, "I needed a fifty. [C]ome back to my apartment, meet me back at the apartment, and that I would buy a fifty dollar rock off of him." The defendant came to the apartment with John and Mike, where the informant paid the defendant $50 for three rocks of cocaine. Island testified this was the first time he had met the defendant and learned his name, but he had seen the defendant in the neighborhood with an acquaintance, Tracy Spears. After initialing and dating the bag, the informant gave the cocaine to Officer Lee.

Ms. Jeronda Parker testified she and Sylvester Island were living together in the projects at 6056 Walnut Circle in McKenzie at the time of the buy. Ms. Parker was not acting as an informant for the State. Ms. Parker testified she and Island met Officer Lee at the airport where Island was searched, wired, and given $50 for drug purchases. Parker and Island proceeded to their apartment when they met Lynn Cunningham and Keith Robinson. After these two persons left, the defendant, John, and Mike stopped Parker and Island. The defendant asked Island "did he need anything," to which Island responded,

3

"Yes, let me back up to the apartment." Whereupon, the defendant gave some cocaine to Island for $50. Ms. Parker had seen the defendant one time before, and on the night of the buy the defendant identified himself as Dennis Love.

Ms. Sandra Jean Romanek, examiner for the Tennessee Bureau of Investigation, testified she received a substance for drug analysis from Steve Lee. After an examination and analysis, Ms. Romanek determined the substance was cocaine and weighed 0.3 grams. Cocaine is a Schedule II controlled substance.

The defendant did not testify, nor present any defense proof.

## APPELLATE ISSUE

The defendant contends the identification testimony of Sylvester Island and Jeronda Parker was unreliable since Island was a paid informant and convicted felon, and there was no basis to test the voices on the tape since the defendant did not testify. The State counters that the defendant's sole argument on appeal, the State's witnesses were not credible, is not an appealable issue.

When reviewing a trial court's judgment, the appellate court will not disturb a verdict of guilty unless the facts in the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Tenn. R. App. P. 13 (e); *State v. Tuggle,* 639 S.W.2d 913 (Tenn. 1982); *State v. Brewer,* 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Initially, a defendant is cloaked with the presumption of innocence. *Tuggle,* 639 S.W.2d at 914. However, a jury conviction removes the presumption of innocence and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient. *Id.* In determining the sufficiency of evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all

4

legitimate or reasonable inferences which may be drawn therefrom. *State v. Harris,* 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence viewed under these standards was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. *Jackson v Virginia, 443 U.S. 307, 319,* 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Cazes,* 875 S.W.2d 253, 259 (Tenn. 1994). This rule is applicable to findings of guilt predicated upon the direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Basically, the defendant attacks his conviction on the ground the testimony of the informant, Sylvester Island, and Jeronda Parker was not credible. Since the defendant elected not to present any proof, the jury was to consider the testimony of the two State witnesses and the tape of the conversations. The question of the identification of the defendant was resolved by the jury. The weight and credibility of witnesses' testimony are matters entrusted exclusively to the jury as the trier of fact. *State v. Locust,* 914 S.W.2d 554, 558 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1995); *State v. Boling,* 840 S.W.2d 944, 947 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1992).

In conclusion, there is ample evidence in this record to support the conviction of the defendant, and thus the trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

5

CONCUR:


_____
JOHN H. PEAY, JUDGE



_____
DAVID G. HAYES, JUDGE